UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. GOMEZ,<br><br>   Petitioner,<br><br> v.<br><br>CHANCE ANDES, Warden,<br><br>   Respondent. | Case No. 24-cv-03032-AMO (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 8 |

Petitioner John B. Gomez, a state prisoner currently incarcerated in the San Quentin Rehabilitation Center, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, representing himself. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 8. Gomez filed an opposition to the motion, *see* Dkt. 9, in which he moved for appointment of counsel to assist him in opposing the motion, *id.* at 5. Respondent filed a reply to the opposition. Dkt. 11. Finally, Gomez filed two unsolicited sur-replies, which are nearly identical.[1] Dkts. 12, 13.

Having considered the papers submitted by the parties, as well as relevant legal authority, the Court **DENIES** Respondent's motion to dismiss, **DENIES AS MOOT** Gomez's motion for appointment of counsel to assist him in opposing the motion, and **SETS** a new briefing schedule below.

---

[1] Because Respondent has not moved to strike the sur-replies, the Court will consider the most-recently filed sur-reply in resolving the pending motion to dismiss. *See* Dkt. 13.

## I. BACKGROUND

In 2018, a Contra Costa County jury found Gomez guilty of three counts of forcible lewd acts on a child under the age of fourteen, one count of nonforcible lewd act on a child under the age of fourteen, three counts of oral copulation or sexual penetration of a child ten years or younger, one count of intercourse with or sodomy of a child ten years of age or younger, and one count of showing pornography to a minor. Dkt. 8 at 2 (citing Resp't Ex. 1 (Ex. A attached thereto at 2, 6)).[2] The trial court sentenced Gomez to eighty years and eight months to life in state prison. *Id.* at 6. On December 1, 2021, the California Court of Appeals affirmed the judgment. Resp't Ex. 1 (Exs. A & B attached thereto). On February 9, 2022, the California Supreme Court denied review. Resp't Exs. 1, 2.

On March 15, 2023, Gomez filed a state habeas petition in the state superior court, which was denied on May 12, 2023. Resp't Ex. 3, 4 (Ex. B attached thereto). On June 13, 2023, Gomez filed a state habeas petition in the California Court of Appeal, which the state appellate court denied on July 20, 2023. Resp't Ex. 4 (Ex. C attached thereto). On November 17, 2023, Gomez filed a state habeas petition in the California Supreme Court, which the state supreme court denied on March 12, 2024. Resp't Exs. 4, 5.

Gomez signed the instant federal habeas petition April 24, 2025. Dkt. 1 at 6. Gomez mailed the filing to his son in order for his son to mail it to the Court with the filing fee, and thereafter, the petition was filed in this Court on May 20, 2024. Dkt. 8 at 1, 2.

## II. DISCUSSION

### A. Applicable Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposes a limitations period on petitions for a writ of habeas corpus filed by state prisoners. A state prisoner with a conviction finalized after April 24, 1996, such as Gomez, must satisfy the AEDPA statute of limitations. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court*

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

1   *(Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), *overruled in unrelated part by Woodford v.*
2   *Garceau*, 538 U.S. 202 (2003).

3         In prisoner actions challenging non-capital state convictions or sentences, a habeas petition must be filed within one year of, *inter alia*, the date the judgment became final after the conclusion of direct review, or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether the appellant actually files such a petition or not. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

      As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitations period was sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

      The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitations period. Fed. R. Civ. P. 6(a). This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitations period will be the same date as the triggering event in the following year. *Patterson*, 251 F.3d at 1246.

      In the present case, Gomez did not seek a writ of certiorari from the United States Supreme Court after the California Supreme Court denied review on February 9, 2022. Thus, his process of direct review came to an end ninety days later, on May 10, 2022, when the time allotted for filing a petition for a writ of certiorari expired. *See Miranda*, 292 F.3d at 1065 (holding that where

3

petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

The petition was therefore due on or before May 10, 2023. *See Patterson*, 251 F.3d at 1246 (holding that habeas statute of limitations calculated according to anniversary method, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year). Thus, the federal habeas petition filed on May 20, 2024—a little over one year ***after*** the limitation period expired—is untimely absent tolling.

### B. Statutory Tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. *Id.* (explaining that the word "pending" in section 2244(d)(2) includes "the intervals between a lower court decision and the filing of a new petition in a higher court."). In California, where prisoners generally use the State's original writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. *Id.* at 220-25; *see also Evans v. Chavis*, 546 U.S. 189, 198 (2006) (holding petitioner is entitled to tolling during intervals between petitions only if he did not unreasonably delay between filings).

Here, Gomez filed state habeas petitions, starting in the state superior court on March 15, 2023, and ending with the denial of his state habeas petition in the California Supreme Court on March 12, 2024. As long as Gomez did not unreasonably delay in proceeding from one level to another, he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the entire period between those dates. *See Carey*, 536 U.S. at 220-25; *see also Evans*, 546 U.S. at 198. Respondent concedes that Gomez "did not unreasonably delay between his habeas filings" and is "entitled to continuous statutory tolling during the time his state petitions were pending." Dkt. 8 at 3.

4

The Court notes that Gomez signed his federal petition for habeas corpus on April 24, 2025, thirteen days *before* the limitation period expired. Dkt. 9 at 1. Gomez claims that he had mailed his petition to his son in order for his son to send it along with the filing fee to the Court. *Id*. The docket sheet indicates that the envelope that contained the petition appears to have been mailed from outside the prison on May 16, 2024. *See* Dkt. 1-1. The Court assumes then that Gomez's son filed the petition, which was received by the Clerk of the Court on May 20, 2024. Dkt. 8 at 1, 2.

The Court first determines whether Gomez is entitled to the benefits of the mailbox rule, whereby prisoner's filings are deemed filed on the date they are handed to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). To benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). However, the mailbox rule does not apply when "a prisoner delivers a filing to the prison authorities for mailing to someone other than the clerk of court" or when "a prisoner gives a petition to a third party who is not confined in prison for filing through regular channels." *Hernandez v. Spearman*, 764 F.3d 1071, 1074-76 (9th Cir. 2014). Here, Gomez mailed the petition to his son, and thus the mailbox rule does not apply. *See id.* Thus, the petition's actual filing date of May 20, 2024 must be used to calculate the petition's timeliness.

Because Gomez initiated collateral review by filing his state habeas petitions during AEDPA's limitations period, and did not unreasonable delay between those filings, he is entitled to statutory tolling for the entire time period those petitions were pending—from March 15, 2023 to March 12, 2024, the date the state supreme court denied his state habeas petition. *See* Resp't Ex. 5. When Gomez filed his state superior court habeas petition on March 15, 2023, he had 56 days left before the limitations period was set to expire on May 10, 2023. Thus, he had 56 days or

8 weeks (365 days minus 309 days)[3] of the limitations period remaining.  When the limitations period clock resumed after the state supreme court denied his habeas petition on March 12, 2024, Gomez had 56 more days or up to and until May 7, 2024, to file a timely federal habeas petition.  Because Gomez did not file his federal petition until May 20, 2024—thirteen days ***after*** the limitations period expired—his petition is untimely.

Accordingly, statutory tolling is not sufficient to overcome the time bar to Gomez's federal petition.  The instant petition is therefore untimely unless Gomez is entitled to equitable tolling.

**C.     Equitable Tolling**

Gomez asks that the one-year statute of limitations not bar his petition due to extraordinary circumstances that prevented him from filing in a timely manner.  Dkt. 9 at 4.  Gomez thus seeks equitable tolling.  Whether equitable tolling is in order turns on an examination of detailed facts. *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002).  The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  However, equitable tolling is unavailable in most cases because extensions of time should be granted only if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time."  *See Calderon*, 128 F.3d at 1288.

The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Id.* at 1066 (internal quotations and citation omitted).  At the same time, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's]

---

[3] The Court notes that 309 days had passed after Gomez's conviction became final on May 10, 2022 until March 15, 2023, which is the date he filed his state superior court habeas petition.

favor." *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is representing himself, his allegations regarding diligence in filing a federal petition on time must be construed liberally. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Pace*, 544 U.S. at 418; *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness.") (citations omitted). Thus, here, Gomez bears the burden of showing that this "extraordinary exclusion" should apply to him, *see Miranda*, 292 F.3d at 1065, and that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time," *see Spitsyn*, 345 F.3d 796 at 799. Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In his opposition and sur-reply, Gomez has listed several reasons that he contends contributed to his delay in filing his federal petition, including attorney abandonment, attorney misinformation about the federal petition filing deadline, his own ignorance of the law relating specifically to the filing deadline, his lack of access to his state court record and trial transcripts, and the initial thirteen-day delay in receiving notice from his attorney of the denial of his state supreme court habeas petition. *See* Dkt. 9 at 1-5; Dkt. 13 at 2-3.

In the reply to the opposition, Respondent claims that Gomez failed to demonstrate how his lack of access to transcripts or his attorney's alleged misconduct prevented him from timely filing his federal habeas petition. Dkt. 11 at 5. Additionally, Respondent argues Gomez's attorney could not have abandoned Gomez because he was not representing Gomez during his federal habeas corpus filing and thus Gomez's lack of legal sophistication does not rise to the level of extraordinary circumstances needed for equitable tolling. *Id* at 6. Respondent further alleges

7

the misinformation given to Gomez regarding the filing deadline was not the "proximate cause" of Gomez's untimely filing, because Gomez mailed his petition to his son instead of directly to the Court. *Id*. Finally, Respondent claims Gomez's "failure to show that he acted with reasonable diligence over the course of almost two years is ultimately fatal to his claim of equitable tolling." *Id.* at 7 (citing *Holland*, 560 U.S. at 649 (holding the petitioner bears the burden of showing that he is entitled to equitable tolling)).

The Court need not consider Respondent's arguments relating to Gomez's numerous equitable tolling arguments relating to Gomez's attorney's alleged representation related to filing a federal state habeas petition after giving notice of the denial of his state supreme court habeas petition. Instead, the Court finds Gomez's equitable tolling arguments dispositive of this issue. Specifically, Gomez argues as follows:

> [S]ince time was of the essence, I think that it is fair and reasonable to ask the Court[] to please excuse the thirteen day delay from March 12, 2024 to March 25, 2024 that it took for me to receive the written denial of petition #S282841 from [Chief Judge] Guerrero and [Gomez's attorney] . . . [w]hich would account for the thirteen day delay of untimeliness for filing the petition that I am asking the Court[] to please excuse me for. And [deny] the Attorney General's motion to dismiss my petition for untimely filing of a federal habeas corpus petition.

Dkt. 9 at 4-5.

Respondent contends in a conclusory fashion, and without citing to any case law, that "the reasonable time it took for [Gomez's attorney] to receive and then mail the court's denial to [Gomez] does not constitute an 'extraordinary circumstance' for equitable tolling." Dkt. 11 at 5. Respondent then fails to further elaborate before concluding that "this thirteen-day delay was not the proximate cause of [Gomez]'s untimely filing." *Id.* Respondent ends his reply by arguing Gomez "does not allege that he took any actions before March 25, 2024 toward pursuing his federal rights." *Id.* at 7. The Court finds such an argument misleading because the record shows that Gomez could not have pursued his federal rights *before* March 25, 2024 because his state collateral review was still proceeding as he was not notified that his state supreme court petition was denied until Gomez's attorney sent him that letter on March 25, 2024. *See* Dkt. 9 at 6-8.

The record shows that the denial of the state supreme court petition is dated March 12,

8

2024, but Gomez's attorney did not alert Gomez about the denial until he sent a letter dated March 21, 2024, which was received in the prison on March 25, 2024. *Id.* at 6 (showing letter from Gomez's attorney dated March 21, 2024); *id.* at 7 (showing denial dated March 12, 2024); *id.* at 8 (showing letter from Gomez's attorney received as confidential mail at the prison mail room on March 25. 2024). The March 21, 2024 letter from Gomez's attorney states that "today" he had "received in the mail the enclosed one sentence order denying the Petition for Habeas corpus." *Id.* at 6. However, the Court notes that the California Supreme Court has an electronic system that give email notifications of electronic filings before that court. *See* https://supreme.courts.ca.gov/e-filing-procedures/frequently-asked-questions (last accessed June 30, 2025). The electronic system has been operational since 2017, which is almost seven years before the 2024 timeframe at issue in this case and thus, Gomez's attorney could have had access to the denial on March 12, 2024. *See* https://supreme.courts.ca.gov/sites/default/files/supremecourt/default/2022-03/supreme_court_of_california_rules_regarding_electronic_filing_eff_1-1-2022.pdf (last accessed June 30, 2025). Thus, the record shows that Gomez's attorney could have had access to the denial *prior* to March 21, 2024, but because Gomez had no electronic access to such a denial, he would not have known to check for it or ask for it. *Id.* The Ninth Circuit has held that a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can be grounds for equitable tolling if the prisoner acted diligently to obtain notice. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Here, Gomez had hired counsel to represent him, and the only manner Gomez could obtain notice of the denial was through his appellate attorney, who was in fact informed of the denial by the state supreme court via mail. Counsel's address may have been the only address listed in Gomez's state court habeas action. The fact that Gomez was still in contact with his appellate attorney once he received his attorney's March 25, 2024 letter—and called his attorney *immediately* after receiving it—indicates that Gomez was very much in contact with his counsel at the time the denial was issued. Thus, the record shows that Gomez acted diligently to obtain notice of the denial. Therefore, Gomez is entitled to equitable tolling from the date of the denial, March 12, 2024, through March 25, 2024, the date he received notice of the denial from his appellate attorney. *See Ramirez*, 571 F.3d at 997.

9

In sum, the limitations period ran from May 10, 2022 until March 15, 2023—eight weeks before the limitations period expired—when Gomez filed his habeas petition in the state superior court. Gomez is entitled to statutory tolling during the entire time his state habeas petitions were pending from March 15, 2023 through March 12, 2024. The limitations period ordinarily would have begun to run on again March 12, 2024, but Gomez did not receive notice of the denial until March 25, 2024. The Court finds that Gomez is entitled to equitable tolling during the thirteen-day delay from March 12, 2024 through March 25, 2024 because the delay in notifying Gomez about the denial constituted extraordinary circumstances beyond his control making it impossible to file his federal petition on time. When the clock resumed after Gomez received notice that the state supreme court denied his habeas petition on March 25, 2024, Gomez had 56 more days or up to and until May 20, 2024, to file a timely federal habeas petition. Because Gomez filed his federal petition on May 20, 2024—the deadline to file his federal habeas petition or, in other words, one day *before* the limitations period expired—his petition is timely.

Accordingly, because the present petition was timely filed, and the Court **DENIES** Respondent's motion to dismiss. Because the Court finds the petition has been found to be timely, it need not consider Gomez's other arguments relating to equitable tolling. Gomez's motion for appointment of counsel to assist him in opposing the motion is **DENIED AS MOOT**. Dkt. 9 at 5. The parties shall abide by the scheduling order outlined below.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely is **DENIED**. Dkt. 8. Gomez's motion for appointment of counsel to assist him in opposing the motion is **DENIED AS MOOT**. Dkt. 9 at 5.

2. Respondent is directed to **SHOW CAUSE** why the petition should not be granted. Respondent shall file with this Court and serve upon the petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed

10

previously and that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should the petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date the petitioner is served with Respondent's Answer.

4. It is the petitioner's responsibility to prosecute this case. The petitioner must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding that Rule 41(b) is applicable in habeas cases).

5. The petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any requests for extensions of time must be submitted at least **seven (7) days** prior to the expiration of a deadline, as required by Section D.2 of the Court's Standing Order for Civil Cases.

7. This Order terminates Docket no. 8.

IT IS SO ORDERED.

Dated: July 23, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

11